HARDY, Judge.
Plaintiff brought this action for a judicial review of the ruling of defendant administrative agency rejecting her claims for unemployment compensation and prosecutes this appeal from judgment affirming said ruling.
The record of the action of the defendant agenejr discloses that the local office based its rejection of plaintiff’s claim on the following ground:
“You failed to report to the local office for referral to a job on two different occasions. There is no evidence to indicate you had good cause for such refusal. This condition is-disqualifying under the provisions of Section 1601(3) of the Employment Security Law.”
Claimant appealed from the ruling of the local office, and, after hearing, the Appeals Referee affirmed the disqualification of plaintiff for benefits under the Act. The conclusion of the Referee was stated as-follows :
“In the testimony of the claimant, she stated she did contact the Holiday Manor Cafe in Bossier City, but on. *407 the appeal form LBR-1, she stated she knew nothing about the referral to this employment. This is conflicting evidence and it is the opinion of this Referee that she did not make the contact. She also refused the employment with Tom Lewis Cafe. Therefore, it must be held that she refused suitable employment and the decision of the agency is correct.”
The action of the Referee was affirmed by the Board of Review and by judgment of the district court.
Examination of the transcript compiled at the hearing before the Appeals Referee discloses that plaintiff was the only witness who testified, and the record does not contain any rebuttal of her testimony to the effect that she contacted the two prospective employers whose names had been .conveyed to her by the local office.
 We think it is abundantly clear from the record before us, first, that the conclusion of the Appeals Referee was not responsive to the original charge upon the basis of which plaintiff was disqualified for benefits; second, the record is devoid of any evidence that plaintiff’s reasons for refusing the employment available were unjustified, and, finally, there is not the slightest evidence that the offers constituted “suitable employment.”
We think any one of the above points would constitute sufficient reason to justify the allowance of plaintiff’s claims.
For the reasons set forth, the judgment appealed from is annulled, set aside and reversed, and this case is remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is ■ordered and directed to recognize claimant’s eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law, and cause payment to be made in accordance therewith.