SAVOY, Judge.
This appeal stems from the denial of plaintiff’s claim for unemployment compensation.
In her petition for judicial review, plaintiff alleged that the work offered her through defendant agency was a considerable distance from where she had previously worked and that there was not suitable transportation service available. Defendant answered plaintiff’s petition, generally denying its material allegations. Upon trial on the merits in the district court, the ruling of the defendant agency was affirmed. Plaintiff then moved for a new trial, alleging that she had been employed as a cook at the rate of $35.00 per week, and that the new job referral was at the rate of $25.00 per week, but not as a cook. The motion for a new trial was denied, and plaintiff has brought this appeal.
The defendant agency’s local office rejected plaintiff’s claim on the following grounds:
“You refused a referral to a job about two blocks further than you were working because you have no transportation. It is the employee’s responsibility to get to and from the job. This is considered refusing a referral to a suitable job without good cause.”
The hearing before the defendant agency’s Appeals Referee, at which time plaintiff was not represented by counsel, was rather brief, approximately three letter size pages, and plaintiff was the only witness. It touched upon plaintiff’s contention that she had not actually pursued the job referral for her stated reason of lack of adequate transportation. This Court is not here ruling on that question.
However, an examination of the proceedings before the Appeals Referee shows that no evidence whatsoever was taken on the question of whether the job referral was, in fact, suitable employment. In other words, the agency determination amounts to a finding that plaintiff’s refusal was unjustified, but does not show that she was bound under the statute (LSA-R.S. 23:1601 (3)) to accept the job. In our view, the agency simply concluded that the offered employment was suitable without receiving competent evidence on the point.
It is our opinion, therefore, that the instant case should be remanded for taking of additional evidence, touching on all points applicable to a final determination of plaintiff’s claim. Green v. Brown, Administrator, et al., (La.App., 2 Cir., 1962), 147 So.2d 406.
In the Green case, supra, our brethren of the Second Circuit went further than a mere remand and ordered that the claimant be paid unemployment compensation benefits. However, in the instant case, we cannot say with certainty that plaintiff is entitled to benefits. Moreover, she is now represented by counsel, and we are of the opinion that justice to both sides will best be served through a remand.
For the reasons assigned, the decision of the Board of Review and the judgment of *261 the trial court are, therefore, annulled and set aside. The case is remanded to the Board of Review for additional evidence to be taken, in agency proceedings, with the Board of Review to make such findings after appropriate administrative proceedings as the original record and the additional evidence may warrant, subject to such further judicial review as is sought by any party in interest. The assessment of costs will await final determination of the case.
Set aside and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.