166 So.2d 366 (1964)
Joyce JOHNSON, Plaintiff-Appellees,
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, Defendant-Appellant.
No. 1221.
Court of Appeal of Louisiana, Third Circuit.
July 10, 1964.
*367 Weimer, Bellar & Piper, by Marion Weimer, Baton Rouge, for defendant-appellant.
C. O. Brown, Alexandria, for plaintiffappellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The Administrator of the Division of Employment Security appeals from a District Court determination that the claimant is entitled to unemployment compensation benefits. The Administrator contends that the claimant is disqualified from receiving unemployment compensation benefits because she failed to apply for and accept suitable work offered to her after she became unemployed.
This is the second occasion on which the plaintiff's claim for unemployment compensation is before the courts. The claimant sought judicial review of the initial administrative disqualification. On appeal, the proceedings were remanded for further evidence, because of an absence of any showing that the employment offered the claimant was suitable within the meaning of the employment security act. 157 So. 2d 259.
The present appeal results from an administrative determination, on the basis *368 of further evidence taken before an agency tribunal, that the work offered to the claimant was suitable and that she was not justified in refusing to accept it. The District Court reversed this agency determination, and the Administrator takes the present appeal.
The claimant sought judicial review, under LSA-R.S. 23:1634, of the agency-determination of disqualification. Under this statute, the administrative findings of facts are conclusive on the courts if supported by sufficient evidence, and the jurisdiction of the courts is confined to questions of law. However, in the instant case, the facts are uncontradicted, and the question before the court is simply whether under these facts the claimant is or is not disqualified as a matter of law. See, e.g., Turner v. Brown, La.App. 3 Cir., 134 So. 2d 384, and the cases therein cited.
The disqualifying provision upon which the appellant Administrator relies is LSA-R.S. 23:1601(3), which pertinently provides that a claimant shall be disqualified for benefits:
"(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed the administrator * * *."
"(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence * * *." (Italics ours.)
The undisputed facts show:
Prior to becoming unemployed, the claimant had worked for $35 per week as a shortorder cook at a restaurant on a through highway. She had been so employed for some eleven years. The employer furnished transportation when the busses did not run on Sundays and holidays, since the restaurant was situated at some distance from the residential areas of the town.
Upon becoming unemployed, she applied for unemployment compensation benefits. She was given a job referral as short-order cook to another restaurant about two blocks from her former employment but on the other side of the same through highway. The rate of pay for the new job was $25 per week. At the job offered, there was no public transportation on Sundays and holidays to the area; the employee then had to furnish her own transportation at a cost, according to the evidence, of a $3.00 round trip taxi fare each Sunday, and also on any holiday falling on a work-day.
The evidence also shows that the claimant continued to look for more suitable work after refusing the job offered her, which she considered unsuitable.
At the outset, we should state that we agree with the Administrator that the claimant would not be justified in refusing the new job simply because the bus service stopped across the highway from the place of employment, or because there, was no shed at the bus stop to prevent her from getting wet when it rained, as there was sufficient evidence to support the administrative determination that such factors did not constitute an unreasonable danger to health or safety such as would justify an employee from refusing to accept work offered, Reed v. Brown, La.App. 3 Cir., 159 So.2d 733, cf., Immel v. Brown, La.App. 3 Cir., 143 So.2d 156. Likewise, the claimant would not be justified to refuse it, because of a hearsay mere supposition that the work offered was not in her accustomed trade but instead as a low-paid dishwasher.
*369 The only really pertinent objection of the claimant to the job offered is that, partly because there was no public transportation available during some of the regular workdays, the employment offered was not in "suitable work", within the meaning of the statute, for the reason that the earnings to be received from it were to be substantially less than the claimant's customary prior rate of pay.
For the reasons to be stated, we are in accord with the trial court's determination that, for such reason, the employment offered was not "suitable work" as statutorily defined.
First, however, we will discuss the Administrator's contention that, in the prior remand of these proceedings, 157 So.2d 259, this court incorrectly placed upon him a burden of proving that the job offered was suitable work. We did not intend to do so, nor do we think that such was the intent of Green v. Brown, La.App. 2 Cir., 147 So.2d 406, also relied upon by the claimant.
By our remand, we simply held that there was no showing that the offered employment was suitable; we remanded the proceedings because the evidence at the administrative hearing was uncertain as to the claimant's right to receive benefits. Likewise, in the Green case, the Second Circuit awarded compensation benefits because there was no showing made that the work offered the claimant was suitable.
In the present case, the Administrator has shown that the work offered the claimant and refused by her was in her customary occupation at wages within the range of the prevailing wage scale, which creates a presumption that the work offered was suitable within the meaning of the statute. However, we think the claimant has sufficiently proved that the work offered was not suitable, for the wages offered were substantially less than her prior earnings.
To summarize the facts, the claimant's prior earnings in her customary occupation had been $35 weekly over an appreciable period of time. The work offered her paid a net of only $22 per week (after deducting the Sunday taxi fare), from which an additional $3 per week had to be paid when the busses did not run on holidays which fell on a work-day. The work offered thus paid less than two-thirds of the claimant's customary prior wages; and, also pertinently, the wages were barely above subsistence levels under present economic conditions. We also note that the claimant continued to search for more suitable work after she rejected the offered job as unsuitable.
As stated at 81 C.J.S. Social Security and Public Welfare § 200, p. 296: "The insufficiency of the wage rate may constitute good cause for refusing an offer of employment. Thus, a claimant may be justified in refusing a referral to a position which pays a wage materially lower than the wage last earned, while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity." See also Annotation, Unemployment Compensation, 165 ALR 1382, Section III b.1, pp. 1387-1388.
It is to be noted that a claimant is not disqualified under the unemployment compensation act by refusing to accept any work whatsoever offered to himhe is disqualified only by refusing to accept suitable work, as defined by the statute. Under the jurisprudence, work offered is not suitable if the wages are substantially less than the prior earnings of the claimant in his customary occupation from which he has become temporarily unemployed.
We therefore affirm the trial court's holding that the present claimant is not disqualified from receiving unemployment compensation benefits. For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.