CULPEPPER, Judge.
The claimant, Wilmer Wilson, filed this suit for judicial review of a decision of the Board of Review of the Division of Employment Security, disqualifying him from benefits. The district judge affirmed the disqualification. The claimant appealed.
The record shows that plaintiff had previously left his employment as a janitor at the Sears & Roebuck Retail Store in Alexandria and filed a claim for benefits. Subsequently, he was disqualified for benefits under LSA-R.S. 23:1601(3) because he refused to accept “suitable work” offered him at Krogers Food Store in Alexandria. The issue is whether the record supports this determination.
The findings of fact and opinion of the Board of Review are as follows:

“FINDINGS OF FACT

“The claimant was given a referral on November 2, 1967, to a job in a food store as a clean-up man, paying $1.64 per hour. He accepted the referral card and reported for an interview. He was told that he was to clean the store generally. He felt the job was too much for one man, and also he did not like the responsibility of being in the store by himself. Because of this, he refused the job.

*214
“OPINION

“R.S. 23:1601 (3) provides that a claimant shall be disqualified for failing, without good cause, to apply for available, suitable work when so directed, or to accept suitable work when offered. This disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under non-disqualifying circumstances.
“There is insufficient evidence to show that the job offered t.he claimant on November 2, 1967 was unsuitable for him. He was fully qualified for the job, from his past experience. It is held that his refusal to accept this job was without good cause.”
The first issue is whether the Administrator has the burden of proving the work offered was suitable or, on the other hand, the claimant has the burden of proving the work was unsuitable.[1] In Johnson v. Administrator, Division of Employment Security, 166 So.2d 366 (La.App. 3rd Cir. 1964) we held:
“First, however, we will discuss the Administrator’s contention that, in the prior remand of these proceedings, [Johnson v. Brown, La.App.] 157 So.2d 259, this court incorrectly placed upon him a burden of proving that the job offered was suitable work. We did not intend to do so, nor do we think that such was the intent of Green v. Brown, La.App. 2 Cir., 147 So.2d 406, also relied upon by the claimant.
“By our remand, we simply held that there was no showing that t.he offered employment was suitable; we remanded the proceedings because the evidence at the administrative hearing was uncertain as to the claimant’s right to receive benefits. Likewise, in the Green case, the Second Circuit awarded compensation benefits because there was no showing made that the work offered t.he claimant was suitable.
“(3) In the present case, the Administrator has shown that the work offered the claimant and refused by her was in her customary occupation at wages within the range of the prevailing wage scale, which creates a presumption that the work offered was suitable within the meaning of the statute. However, we think the claimant has sufficiently proved that the work offered was not suitable, for the wages offered were substantially less than her prior earnings.”
In the present case, the claimant concedes that the work offered was in his customary occupation of janitor and that the wages were within the range of the prevailing wage scale. Hence, under our decision in the Johnson case a presumption arose that the work offered was suitable. The claimant then had the burden of proving the work unsuitable.
Plaintiff was the only witness who testified at the hearing before the Appeals Referee. He contends that in the absence of any testimony to contradict him, it must be determined that the work was unsuitable. Let us examine his testimony.
Claimant testified that the job to which he was referred was as a janitor at Kroger Food Store. He was told by the manager that his duties would be to mop, scrub, wax and buff the floors; clean the restrooms, etc. Plaintiff replied that it was too big a job for one man; that in his previous work as a janitor at Sears & Roebuck “I had three and four mens working along with me, the same kind of type of work.” Claimant then refused the work.
*215 Plaintiff also testified that, following his refusal to accept the offered employment, he contacted his attorney. After the conference with his attorney, claimant went back to Kroger’s • and told them he had decided to take the job, but he was advised they had already employed someone else.
Also in the record is the claimant’s statement, in requesting an appeal to the Board, that “I had done similar work at Sears but seven men were used to do this same work. I requested but was refused help.” (Emphasis supplied)
LSA-R.S. 23:1634 expressly provides: In any proceeding under this section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Particularly applicable here is certain jurisprudence under the cited statute holding that the administrative tribunal’s evaluation of the testimony of witnesses should not be disturbed by the court. Hall v. Doyal, La.App., 191 So.2d 349; Cole v. Doyal, La.App., 195 So.2d 759. Under these general principles of appellate review, we find no error in the opinion of the Board of Review that “There is insufficient evidence to show that the job offered the claimant on November 2, 1967 was unsuitable for him.” The testimony of the claimant at the hearing was vague, contradictory and unimpressive. It was clearly within the discretion of the Board to evaluate this testimony and find it insufficient.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

. See 81 C.J.S. Yerbo Social Security and Public Welfare § 219, p. 316, and particularly the cases cited under Footnotes 71 and 72, which set forth the general rule that the burden is on the claimant to justify his refusal of proffered employment on the grounds that it is not suitable.