BOUTALL, Judge.
This is an unemployment compensation case. Plaintiff-appellant Marjorie F. Laine had been employed by the Louisiana Department of Public Welfare as welfare technician for a period of twelve years. Mrs. Laine requested, and was granted, an early retirement from the department effective March 1, 1974. Thereafter, she applied to the Department of Employment Security for unemployment benefits, but she was disqualified from receiving benefits on the basis that she had left her employment without good cause connected with the employment, in accordance with LSA-R.S. 23:1601(1).[1]
*784 Mrs. Laine then secured employment with D. H. Holmes Company on a part-time basis, and worked an average of thirty hours a week at a rate of pay of two dollars per hour plus commission. She began work at D. H. Holmes in August, 1974, and was offered full-time employment in October of 1974. She refused that offer of full-time employment, giving as a reason for such refusal that she did not wish to work full-time because it would be at the same hourly and commission scale and only seven and one-half hours per week more than her part-time job.
Mrs. Laine then filed for unemployment benefits from her current employer, D. H. Holmes Company, after working the requisite number of weeks and earning the requisite amount of wages. The local agency of Employment Security ruled that Mrs. Laine had refused the offer of full-time employment for good cause and that she was entitled to benefits. D. H. Holmes Company appealed the decision of the local agency, and the decision was reversed by the Appeals Referee, and that reversal was affirmed by the Board of Review, with the following finding by the Appeals Referee:
“The issue to be resolved in this case is whether or not the claimant refused full-time employment without good cause. In order to determine whether or not there is good cause, there must be circumstances of a compelling nature to establish that the conditions of employment would have imposed an undue hardship on the individual. Such evidence is not present in this case. The evidence shows a matter of preference and not of compelling nature. It must be remembered that the Employment Security Law of the State is historically founded on the premise that benefits of a temporary nature are available to an individual who is willing to work, but industry fails to provide him with employment.
“In this case the individual is working on a part-time basis and filing for benefits for Unemployment Insurance and industry offered an opportunity for the individual to become fully employed. Under the circumstances, the intent of the Law would be violated if the claimant were allowed to continue on a part-time basis under these conditions and drawing benefits.”
Appellant first argues to this Court that the disqualification arising from her leaving the Department of Public Welfare has been cured by her subsequent employment with D. H. Holmes Company for the requisite period and for the requisite amount of wages, and that she is now eligible for benefits. She points out that because she is still working at Holmes she “has not left this last work under disqualifying circumstances.” There is no merit to such argument.
Appellant has apparently misinterpreted R.S. 23:1601(1). Her inability to derive benefits from her job with the Welfare Department has become res judicata, since there was no appeal taken from the ruling that she had left her job without good cause. Her ability to draw benefits based upon her qualifying period with the Welfare Department was extinguished with her disqualification. Under the wording of R.S. 23:1601(1), Mrs. Laine could only be eligible for unemployment compensation benefits if she went back to work and satisfied the requirements of the qualifying period for the new job with D. H. Holmes Company. Satisfying such qualifying period means not only that she earn the requisite wages but that her employment be terminated not under disqualifying circumstances. Her employment with Holmes does not act to reverse or annul the prior finding of disqualifying circumstances.
The net effect of Mrs. Laine’s employment activities has been to qualify her for Unemployment Insurance should she leave her current job under circumstances that *785 would not disqualify her. Such qualification is based upon her employment at D. H. Holmes, where she has worked during the qualifying period, and is not retroactive to the period of her employment with the Welfare Department.
Appellant makes a second argument to this Court that the employment offered by D. H. Holmes Company was unsuitable by comparison to her previous job with the Welfare Department, in accordance with R.S. 23:1601(3)(a).[2] Mrs. Laine contends that the prior wages to be considered are those wages that she earned at the Welfare Department as compared to the wages offered her by D. H. Holmes Company.
Appellant cites the cases of Johnson v. Administrator of Employment Security, La. App., 166 So.2d 366 (1964) and Richardson v. Administrator, Department of Employment Security, La.App., 28 So.2d 88 (1946) in support of her argument that the full-time job offered by D. H. Holmes Company was not suitable because of the wages of-' fered. We have no disagreement with the rationale used in reaching the decisions in those cases, but we do take note that the previous wages used for comparison were earned during the qualifying period, and not some previous, nonrelevant period as here presented.
In this case, the wage earned during the qualifying period was two dollars an hour. The wage offered by D. H. Holmes for full-time employment was also for two dollars per hour, but with a guarantee of more hours, and thus more money per week. Therefore, the criteria used to find work unsuitable in the cases cited by the appellant would, if that criteria were applied in this case, find the full-time employment offer to be suitable employment.
Under the provisions of R.S. 23:1634, the administrative findings of fact are conclusive on the courts if supported by sufficient evidence, and the jurisdiction of the courts is limited to the question of law. Johnson (supra). Our review of the record convinces us that the factual finding that the full-time job offered was suitable is fully supported by the evidence and we affirm the judgment appealed.

AFFIRMED.

. § 1601 Disqualification for benefits.
An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disquali *784 fication shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.

. “(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.”