LEMMON, Judge.
This litigation involves a claim for unemployment compensation benefits by Mrs. Virginia Ousley. The present appeals by the Administrator of the Division of Employment Security and the employer question a 1976 judgment ordering payment of benefits allegedly due under the 1967 claim.
Mrs. Ousley, after being employed for five years, was terminated in June, 1967. On July 20, 1967 she applied for unemployment compensation benefits, was issued a record book and was instructed to report to the employment office weekly with the book in order to be eligible for benefits.
The employer contested the claim, and on August 16, 1967 Mrs. Ousley was determined to be disqualified for benefits because of misconduct. She appealed this decision on August 25,1967. In the meantime she had reported weekly to the employment office where she had registered for work. She testified she was told on the last occasion that it would be unnecessary to report back until her “appeal was settled”. She therefore discontinued reporting.
In November, 1967 the Appeals Referee reversed the agency determination and ordered the disqualification removed. When Mrs. Ousley was notified, she was told (according to her testimony) that the employer had appealed and that she would have to return any benefits collected if the employer prevailed in the appeal.[1] She decided to wait until the appeal was completed before accepting benefits. After she “checked a couple of times” and was informed that the appeal was still pending she simply waited for notice by mail. She never received any notice or any benefit payments.
In 1975 Mrs. Ousley obtained counsel for the first time. After investigation counsel filed a rule to show cause why benefits should not be paid, and the judgment on the rule is the subject of this appeal. At the trial of the rule Mrs. Ousley testified that she had sought work diligently from the time of her termination in June, 1967 until April, 1969, when she obtained employment with a telephone company. She was still working for that company at the time of the 1976 trial.
In reasons for judgment the trial court noted that its 1973 ruling had found Mrs. Ousley “was due certain funds” and that she should have been notified of the ruling and is now entitled to those benefits. The rule was therefore made absolute.
The 1973 judgment (now definitive) did not hold that Mrs. Ousley was due certain benefits but merely held that she was not disqualified for benefits because of misconduct. The judgment did not purport to rule that she was otherwise eligible for any particular weeks of benefits. Because of the initial disqualification there has never been an administrative or judicial determination of her eligibility during any particular *324 week, and indeed that very question is the crucial issue asserted in the rule now on appeal.[2]
R.S. 23:1600 provides the conditions for eligibility for benefits as follows:
“An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
“(1) He has made a claim for benefits in accordance with the provisions of R.S. 23:1621 and R.S. 23:1622.
“(2) He has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulations as the administrator may prescribe. The administrator may, by regulation, waive or alter either or both of the requirements of this Section as to such types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive, or would be inconsistent with the purposes of this Chapter, but no such regulation shall conflict with R.S. 23:1591.
“(3) He is able to work, and is available for work.
“(4) He has been unemployed for a waiting period of one week; * * * ”.[3]
Thus, to be eligible for benefits for a particular week a claimant (in addition to meeting the base period requirements) must be unemployed, able to work (meaning not disabled), and available for work. Additionally, he must have made a claim, registered for work and continued to report to an employment office.
In this case the Administrator and the employer principally contend that Mrs. Ous-ley is not eligible (although not disqualified) because she failed, during each week of unemployment, to make a claim and register for work. However, it is not necessary for us to reach the somewhat difficult questions involved in determining whether Mrs. Ousley was ineligible because of that failure under the unusual circumstances of this case.[4] Instead, we base our decision on the conclusion that the evidence does not establish Mrs. Ousley was available for work after August 25, 1967 (which was the last day that she reported and signed for benefits).
In, a suit seeking entitlement to benefits a claimant must establish a prima facie showing that he has met the conditions of eligibility. If he does so, the party attacking the claim then has the burden of *325 proceeding with evidence necessary to overcome the prima facie showing. However, as in every civil case the claimant bears the ultimate burden of proving his claim by a preponderance of the evidence.[5] See, generally, Chapman v. Division of Employment Security, 104 Sa.2d 201 (La.App.2nd Cir. 1958); Green v. Brown, 147 So.2d 406 (La. App.2d Cir. 1962); 19 La.L.Rev. 448, 452 (1959); 24 La.L.Rev. 267 (1964).
In the present case Mrs. Ousley did not establish a prima facie case of eligibility. Not only did she not report to the employment office for the purpose of making a continued claim, but also she did not even contact the office (where she was registered for work) to inquire about job referrals. Furthermore, she presented no evidence that she had registered with other employment agencies, or had answered newspaper advertising, or had placed job applications with specific business and industrial companies. Nor did she state any facts upon which one could reasonably conclude that she showed an active interest and effort to secure employment, independently or under the Division’s supervision. Compare Smith v. Administrator, 95 So.2d 349 (La.App.2d Cir. 1957). Her total evidence as to availability for work (after the five weeks that she reported and signed the book) was the following:
“Q. When were you terminated by Chrysler?
“A. In June, ’67, I don’t remember the exact date.
“Q. Did you start looking for work after that?
“A. Yes, I did.
“Q. Did you look hard?
“A. Yes, I did.”
We hold that this evidence, with no specifics as to time or place, does not support a finding Mrs. Ousley was available for work (after August 25, 1967) during the weeks for which benefits are claimed.
Accordingly, the judgment of the trial court is amended to limit the award of benefits to five weeks at $45.00. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

. When the Referee’s decision was maintained by the Board of Review, the employer applied for judicial review. For some reason no request was made to set the matter for trial until 1973. The trial court affirmed the decision of the Board of Review, and the employer did not seek further review.

.At the preargument conference in this court the parties stipulated that “(c)laimant was determined to be entitled to benefits equaling $45.00 per week with a maximum of $1,260 in the benefit year beginning July 16, 1967”. However, the stipulation must be read in the context of being an initial determination, and the stipulation only refers to the undisputed amount of the weekly benefits.
• The question of eligibility for benefits is one which recurs weekly, because a claimant may be eligible for benefits in a specific amount during the benefit year, but may be ineligible for one or more particular weeks because of not being unemployed in the particular week.
The rule now at issue on appeal recognizes that the question of eligibility is the determinative issue, alleging:
“V.
“Virginia C. Ousley further shows that when she originally applied for unemployment benefits on July 16, 1967, a determination was made that her weekly benefit allowance was $45.00.
“VI.
“Virginia C. Ousley further shows that despite her diligent efforts to find work she was unemployed until April 2, 1969, or eighty-six weeks from the date of her discharge and that she is therefore entitled to weekly benefits of $45.00 per week for the eighty-six weeks she was unemployed or Three thousand eight hundred seventy and no/100 ($3,870.00) .

. The remaining conditions deal primarily with the amount of wages earned in the base period.

. The statutory scheme contemplates an initial claim for benefits (which establishes the benefit year) and registration for work at an employment office, with continued reporting thereafter. Continued claims are made by the periodic reporting, which can be waived by the Administrator by regulation.
In the present case Mrs. Ousley arguably remained eligible for some reasonable period of time, in spite of failing to report, because (on her testimony accepted by the trial judge) the Administrator informally waived the reporting condition or is estopped from asserting failure to report as a defense after his employee told the claimant she need not report.

. Thus, if a claimant presents evidence that he has registered for work and thereafter reported as available to work, he will generally be considered as having made a prima facie showing, and it would then be necessary for the attacking party to present evidence, for example, that the claimant failed to pursue job referrals or refused suitable employment without justification.