CIACCIO, Judge,
dissenting.
I respectfully dissent.
Claimant was an unemployed former mail clerk receiving unemployment compensation benefits when he accepted employment as a prep cook at the Plimsoll Club. This job involved peeling and cutting vegetables for use by the chef, a job for which claimant had no prior experience. He was given minimal training (1 day), and worked for nine days. On the last day he cut his hand severely enough to require going to the hospital for treatment. He advised his supervisor on the last day that he was leaving their employ because he was not suited for the job.
Although the initial hearing notice stated the issue as “The claimant left his employment because he thought that he was not suited for the job,” R.S. 23:1601(1), the subsequent notice of July 29, 1985 stated the issue as “The claimant left employment because of disliking the assigned work which is leaving without good cause connected with the employment.” R.S. 23:1601(1). The entire thrust of the hearing was directed towards claimant’s quitting without good cause, no attention was given to the issue of job suitability.
The appeals referee made no finding that the job at the Plimsol Club was suitable employment within the meaning of L.S.A.R.S. 23:1601(3)(A). That issue was never directly addressed by the appeals referee or the Board of Review. Although one may argue that this issue was decided adversely to claimant, the record is devoid of evidence on this issue.
Prior cases have held that the Administrator has the burden of proving that the work offered was suitable. Wilson v. Doyle, 215 So.2d 213 (La.App. 3d Cir., 1968), Johnson v. Administrator, Division of Employment Security, 166 So.2d 366 (La.App. 3d Cir., 1964), Green v. Brown, 147 So.2d 406 (La.App. 2d Cir., 1962).
If the Administrator shows that the work offered to the claimant was in his customary occupation at wages within the range of the prevailing wage scale, that showing creates a presumption that the work offered was suitable within the meaning of the statute. Wilson v. Doyle, supra, Johnson v. Administrator, Division of Employment Security, supra. Claimant had been a mail clerk, that would be his customary occupation. Thus the Administrator had the affirmative duty of proving that the job of prep cook was suitable employment since no presumption of suitability exists in this case. The record contains no such proof.
Accordingly, I do not find that the Administrator proved that the claimant should be disqualified for benefits under the provisions of La.R.S. 23:1601(3). This case should be remanded for further evidence on the issue of “suitable work,” taking into *640 consideration all the criteria of La.R.S. 23:1601(3). Should it be determined that the work was not suitable and that claimant made a good faith attempt to try this work without success, claimant should not be penalized for his willingness to cooperate. Further, the Plimsoll Club should have no liability for his unemployment benefits. That responsibility would remain with his former employer who was being charged with his claim before claimant attempted the Plimsoll Club job.
To hold otherwise would be to penalize both the claimant who was cooperative enough to attempt work in a totally unfamiliar occupation instead of declining the job assignment and continuing to receive unemployment compensation, and to penalize the prospective employer who accepted an untrained person into its employ.
Other state courts have held that a good faith effort to try out an unfamiliar job which terminates after a short trial period because the claimant finds that the job is not suitable does not disqualify the claimant from resuming his former unemployment compensation benefits. Wallace v. Dept. of Employment Security, 134 Vt. 513, 365 A.2d 517 (1976), (Claimant is not disqualified where she works for ten days at an unsuitable job after being laid-off); Herman v. Florida Dept. of Commerce, 323 So.2d 608 (Fla.App.1975), (Claimant is not disqualified where she works eight days at an unsuitable job after becoming unemployed); Peyton v. Sun T. V. & Appliances, 44 Ohio App.2d 10, 335 N.E.2d 751 (1975), (Claimant is not disqualified when he works at an unsuitable job after being laid off); Wojcik v. Board of Review, 58 N.J. 341, 277 A.2d 529 (1971), (Claimant is not disqualified where he works five weeks at an unsuitable job after becoming unemployed).
We should adopt that line of reasoning. The proper test, then, for determining whether this claimant should be disqualified from continuing to receive unemployment compensation benefits after his unsuccessful nine-day trial period of employment, should be whether that employment had been “suitable.”