EDMUND M. REGGIE, Judge Pro Tern.
The sole issue presented by this appeal is whether or not the plaintiff was improperly denied unemployment compensation benefits upon the finding that he was employed as a licensed real estate salesman, thus exempt from such benefits.
Plaintiff, Wayne D. Joiner, appeals from a trial court judgment holding his employment position with Mill-Wind Farms was that of a real estate salesman, which position exempted him from unemployment compensation benefits. Plaintiff was hired by Derward Avery to sell “units” of Mill-Wind Farms to investors and to also sell shares in syndicated horses for the farm. Plaintiffs 1984 earnings for the sale of interests in the horses were reported on a W-2 Form; his earnings for his sales of the farm units were reported on a Form 1099 in 1985. Plaintiff refused to continue to work for Mill-Wind Farms claiming he was owed back wages which he had not been paid. Thereafter, plaintiff filed for unemployment benefits, which were denied based upon his insufficient quarterly earnings as reported on his From W-2. Plaintiff now appeals from the trial court judgment holding his employment position with Mill-Wind Farms was that of a licensed real estate agent, hence his earnings reported on his Form 1099 were exempt and not to be used in calculating his quarterly earnings.
FACTS
Wayne D. Joiner was hired by Derward Avery, owner of Mill-Wind Farms, to sell interests in both “farm units,” which were divided interests in the farm real estate itself and also to sell interests in the syndicated horses owned by the farm. Joiner was hired in November, 1983 and worked until March, 1985 when he indicated to Mr. Avery of his reluctance to sell any more shares in the horses until he was paid back wages he was owed. Thereafter, Joiner was fired by Avery in 1985 and Joiner filed a claim for unemployment compensation benefits.
Joiner’s request for unemployment compensation benefits was denied based upon *610 his W-2 quarterly earnings for the year 1984. In 1984, Joiner received income from two different sources. The first source was his $39,900.00 commission from the sale of the real estate farm units; this income was reported on a Form 1099. The second source was his $2,540.00 commission from the sale of interests in the syndicated horses; this income was reported on a Form W-2. The State Office of Employment Security found that, under the income reported on Joiner’s 1984 W-2 form, he was unable to meet the minimum requirements for wages for insured work. Joiner appealed this initial denial to an appeals referee. Referee Billy W. Gahagan affirmed the department’s recommendation and Joiner then appealed to the State Board of Review who affirmed the referee’s decision on February 7,1986. Joiner then availed himself of judicial review and filed a self-styled petition in proper person in the district court. The trial judge remanded the case to the Board of Review to gather additional evidence. After a second review by referee Gahagan on September 22,1986, the Board of Review affirmed the original decision as rendered.
The district judge, after reviewing the newly added evidence and the complete record, rendered judgment on February 23, 1987 affirming the Board of Review’s denial of benefits. On the same date, Joiner obtained an order allowing an appeal to this court.
LAW
The thrust of plaintiff’s argument on appeal is that his income reported on his commission sales for the farm units should be used in calculating his wages for insured work and that the combination of the two incomes would clearly entitle him to unemployment compensation benefits. This argument was asserted at each level of review and the assertion was rebuffed each time.
LSA-R.S. 23:1472(12)(H)(XVII) specifically exempts from the calculation of income designated as “wages for insured work,” commissions earned on the sale of real estate by a licensed real estate agent. At the time of plaintiff’s employment he was a licensed real estate agent. The owner of Mill-Wind Farms, Derward Avery, testified at the Referee Review Hearing that he hired Joiner only because he had a real estate license and that his primary role with the farm enterprise was to sell the real estate units.
LSA-R.S. 37:1431(4) defines a real estate salesman as:
“Any person who, for a compensation or valuable consideration, is employed either directly or indirectly by a licensed real estate broker to sell or offer to sell, or buy or offer to buy, or to negotiate the purchase or sale or change of real estate, or to lease or offer to lease, rent or offer for rent any real estate for others as a whole or partial vocation.”
Plaintiff testified himself that he was initially hired to sell partnership interest in the farm real estate, as at the time of hiring, the farm had not purchased any horses for resale purposes. Plaintiff further testified he earned “commission” on the real estate sales; that he worked no definite hours; and that he also had a broker’s license.
Mr. Derward Avery testified at the hearing that Joiner’s commission on the sale of each $75,000.00 real estate unit was $4,500.00; the customary 6% commission all real estate agents receive on sales of property. Avery further stated that, after the first sale was completed and Joiner’s first commission check was issued to him, he “pitched a fit” about Avery taking out the necessary taxes from his $4,500.00 commission. Allegedly, Joiner indicated that he had his broker’s license and he did not think anyone had a right to hold any sums out of his pay. Thereafter, Avery checked with his accountant, Jack Palmer, as to the validity of Joiner’s claim.
Jack Palmer testified at the September 22, 1986 hearing also. He explained that regular taxable wages had to be reported on a W-2 form, the form used for regular employees, and that Form 1099 is used to report earnings to the IRS for people who are non-employees, or for those individuals earning non-taxed income. Palmer further *611 stated that, after he had mailed Joiner his W-2 and 1099 in January 1985, he did not contact Palmer and otherwise disagree with any of the withholding or lack thereof.
It is incumbent upon the claimant to provide a prima facie showing of entitlement to benefits claimed under the statute in order to meet his/her burden of proof. Chrysler Corp. v. F.C. Doyal, Jr., 352 So. 2d 322 (La.App. 4 Cir.1977); Chapman v. Division of Employment Security, 104 So. 2d 201, 203 (La.App. 2 Cir.1958). In consideration of the record and the findings of the other levels of review before this court, we find the claimant has failed to establish that the wages paid to him were an exception to the rule under LSA-R.S. 23:1472 (12)(H)(XVII) (The Real Estate Salesman Exclusion). Consequently, plaintiff fails to meet the requirements under LSA-R.S. 23:1600(5) providing the calculation of the minimum amount of quarterly earnings needed to qualify for benefits.
Additionally, under LSA-R.S. 23:1634:
“In any [judicial review] proceedings under this section, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law ...”
Charbonnet v. Gerace, 457 So.2d 676 (La.1984)
In summary we find no manifest error, no fraud and that there is sufficient evidence in the record before us to affirm the trial court judgment as rendered except for the costs which were assigned to the claimant, Joiner.
LSA-R.S. 23:1692 reads in part:
“No individual claiming benefits shall be charged fees or costs of any kind in any proceeding under this Chapter by the board of review, the administrator, or by their representatives, or by any court, but a court may assess costs against the claimant if it determines that the proceeding for judicial review have been instituted or continued frivolously ...”
While the plaintiff has now exhausted all of his rights to judicial review, we find that neither the trial court review nor this appellate review were instituted in bad faith or for frivolous purposes. We, therefore, affirm the trial court decision as rendered but delete the sentence taxing costs to the plaintiff.
AFFIRMED AS AMENDED.