GRAVOIS, J.
| Appellant, Constance Loyless, appeals a judgment of the district court that reversed an administrative determination by the Louisiana Board of Review that she was entitled to unemployment benefits. For the following reasons, we affirm the district court judgment under review.
FACTS AND PROCEDURAL HISTORY
Ms. Loyless had been employed by Stuart Consulting Group, Inc. (“Stuart”) since April of 2008. She started as a receptionist and was eventually promoted to executive administrative assistant to Thomas Martin, a vice president of the company. In a series of events from December 16, 2014 until December 22, 2014, Ms. Loyless’ employment with Stuart ended. Ms. Loyless contends that she was fired on December 22, 2014; Stuart contends that she quit on December 16, 2014.
*280 The record shows the following chronology of events. On Tuesday, December 16, 2014, Stuart fired its office receptionist (not Ms. Loyless), ostensibly due to budget cuts. Shortly before 4:30 p.m. that afternoon, Ms. Loyless was told by her supervisors to take over the receptionist’s duties immediately and indefinitely. Ms. Loyless became upset because, among other things, the change required her to move from her private office to the receptionist’s desk. She testified later that she felt she was being demoted and this upset her because she had been at the company a long time. She left the office at 4:30 p.m. that afternoon, prior to the end of her work day.
Ms. Loyless texted Mr. Martin on both December 17th and 18th that she would not be in because she was sick. According to her testimony, Mr. Martin responded “ok feel better,” or something similar. On Friday, December 19th, Ms. Loyless emailed and/or texted to remind her boss that she had a previously scheduled day off to take her step-son to a medical procedure. When she returned to work at 7:30 a.m. on December 22nd, a Monday, Ms. Loyless was told that she |awas no longer employed there because she had quit her job on December 16th. Her personal belongings had been removed from her office and boxed. Mr. Martin told her to leave, but she refused to do so and pleaded for her job. She was ultimately escorted out of the building by a police officer.
Ms. Loyless applied for unemployment benefits in December of 2014. On January 13, 2015, she received a notice of claim determination from the Louisiana Workforce Commission (the “LWC”) stating that she was disqualified from benefits pursuant to La. R.S. 23:1601(1)(a) because she had “voluntarily left [her] employment without good cause.”
Ms. Loyless appealed this determination to the LWC Appeals Tribunal. A telephone hearing was held before an administrative law judge, Daniel Druilhet, on February 3, 2015, in which both Ms. Loyless and Stuart participated. That day, Judge Druilhet issued a ruling agreeing with the LWC that Ms. Loyless was disqualified from unemployment benefits because she had left her employment without good cause, to-wit:
Here, the claimant left her employment due to dissatisfaction with having to assume duties as a receptionist. Considering that the claimant was not demoted by the employer, that her wages were not reduced, and that no substantial change occurred to her work hours, she quit for personal reasons and not for good cause attributable to a substantial change made to her employment by the employer. Benefits should be denied.
On February 9, 2015, Ms. Loyless appealed Judge Druilhet’s ruling to the Louisiana Board of Review,[1] who, in a decision rendered on February 13, 2015, vacated the ruling of the Appeals Tribunal, finding:
The Board cannot review this matter to make a determination due to lack of adequate testimony being taken on the substantive issue. There is insufficient evidence and testimony to determine if the Claimant left employment voluntarily or was discharged from the employment. Specifically, additional information must be taken regarding the incident of December 16, 2014, and whether the IsClaimant maintained contact with the Employer between December 16, 2014 *281 and December 22,2014.[2]
A second hearing in front of the Appeals Tribunal subsequently took place on March 4, 2015, again by telephone, in front of a different administrative law judge, Ashley Butler. Ms. Loyless participated, but Stuart did not, allegedly due to its representative being out of the office and unavailable at that time. Judge Butler considered the packet of evidence previously considered by the first administrative law judge and the Board of Review, plus additional testimony from Ms. Loyless. On March 6, 2015, Judge Butler rendered a decision in favor of Stuart, finding that Ms. Loyless was not entitled to unemployment benefits. The ruling found that Ms. Loyless had the burden of proof in the matter. The judge found that she was the “moving party” in her separation from employment, that her new job duties were sufficiently similar to her previous duties and thus did not constitute a significant change in her employment terms, and that she had voluntarily quit her job. The judge further found that the evidence showed that Ms. Loyless “did not make any attempt to protect her job or to ensure that it was clear she did not quit her position on December 16, 2014.”
Ms. Loyless filed an appeal of this ruling with the Board of Review on March 18, 2015. The Board issued a ruling two days later, on March 20, 2015, reversing Judge Butler’s ruling and awarding Ms. Loyless unemployment benefits.[3] The Board found that Judge Butler had failed to apply standards of relevance, admissibility, credibility, and weight of evidence. Unlike the previous tribunals, who found that Ms. Loyless as the applicant bore the burden of proof to 14show entitlement to benefits as the “moving party” in her separation from employment, the Board found that the employer, Stuart, bore the burden to prove that Ms. Loyless committed misconduct (as per La. R.S. 23:1601(2)) in order to deny her benefits, and that Stuart failed to bear that burden.
Following the ruling of the Board of Review, Stuart filed a Petition for Judicial Review in the district court pursuant to La. R.S. 23:1634(A). After conducting a hearing on the matter on January 27, 2016 and taking the matter under advisement, the district court, without assigning reasons, rendered a judgment on February 26, 2016 granting Stuart’s Petition for Judicial Review, reversing the March 20, 2015 decision of the Board of Review, and reinstating the March 6, 2015 Appeals Tribunal decision to disqualify Ms. Loyless from receiving unemployment benefits. This timely appeal followed.
On appeal, Ms. Loyless argues that the district court erred in applying the wrong standard of review, when it failed to follow *282 the mandates of La. R.S. 23:1634(B) when sitting as a court of review. She also argues that the district court erred in failing to find that the Board of Review’s ruling was supported by sufficient evidence. She prays that the district court judgment be reversed and the Board of Review’s ruling be reinstated, allowing her to collect unemployment benefits.
ANALYSIS
The scope of appellate review of cases arising under the Louisiana Employment Security Law has been expressly limited by the legislature. Gonzales Home Health Care, L.L.C. v. Felder, 08-0798 (La. App. 1 Cir. 9/26/08), 994 So.2d 687, 690-691, citing Lewis v. Administrator, 540 So.2d 491, 495-496 (La. App. 1st Cir. 1989). The scope of judicial review imposed upon the district court in cases of this type is found in La. R.S. 23:1634(B), which provides, in pertinent part:
Lin any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
Thus, judicial review of the findings of the Board is strictly limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. Lewis, 540 So.2d at 496. Judicial review of the findings of the Board does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence, or substituting the views of the court for that of the Board as to the correctness of the facts presented. Id. The usual rules of evidence need not apply to the administrative hearing. La. R.S. 23:1631. Hearsay may be admissible; nevertheless, the findings of the administrative agency must be supported by competent evidence, and incompetent evidence admitted at the hearing will be disregarded by the courts upon their judicial review to determine if the agency’s findings are supported by sufficient evidence as required by law. Hall v. Doyal, 191 So.2d 349, 352 (La. App. 3rd Cir. 1966). When the evidence presented is open to several reasonable constructions, the court will accept the one the Board of Review has reasonably made in reaching its decision. Carter v. Blache, 476 So.2d 873, 878 (La. App. 2nd Cir. 1985).
Before the appeals referee, a person seeking unemployment compensation benefits bears the burden of proving his claim by a preponderance of the evidence. Lewis v. Administrator, 540 So.2d at 494-495, citing Chrysler Corporation v. Doyal, 352 So.2d 322 (La. App. 4th Cir. 1977). He must commence the presentation of evidence and establish at least a prima facie showing that he is entitled to benefits. Id. If the claimant establishes that he was discharged by his employer, the burden of proof shifts to the employer to show that the employee was discharged for misconduct which would disqualify him from receiving |fibenefits. Id., citing Banks v. Administrator of Department of Employment Security of State of Louisiana, 393 So.2d 696 (La. 1981). However, if the employee shows that he voluntarily left his employment, he still has the burden of proving that he left his employment for good cause. Id.
In Louisiana Department of Corrections v. Administrator, Louisiana Office of Employment Security, 457 So.2d 825, 827 (La. App. 1st Cir. 1984), cited by Lewis v. Administrator, the court defined “good cause” as follows:
Good cause connected with a person’s employment, as defined in La. R.S. 23:1601, means cause connected with working conditions, ability of the em *283 ployee to continue the employment, availability of transportation to and from work and other factors which affect the employee’s ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of work or retirement. ... It is good cause connected with employment for an employee to quit his job when the work becomes unsuitable due to unanticipated working conditions. ... Personal reasons for resigning employment are not good cause connected with employment. (Citations omitted.)
As previously noted, the judicial review of the findings of the Board of Review is strictly limited to first, a determination of whether the facts it found are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. The ruling of the Board shows that it found the following:
In this case, the evidence and testimony indicate that the Claimant left work early on December 16, 2014. The testimony and evidence also indicates that the Claimant was in contact with the Employer between December 16, 2014 and December 22, 2014, during which time she expressed her intent to return to work. There is no evidence in the record which indicates that the Claimant resigned from the employment. The Claimant was not the moving force behind her separation from employment. This section of law does not apply. The Appeals Tribunal erred in finding that the Claimant left employment. As such, the disqualification rendered under this section of law must be reversed, and the disqualification must be removed.[4]
|7Looking objectively at all of the evidence adduced at each stage in these proceedings, without weighing the evidence or drawing credibility inferences as prohibited by La. R.S. 23:1634, we find that in its review of the ruling of the Board of Review, the district court properly employed the limited standard of review set forth by La. R.S. 23:1634, and further that its reversal of the Board’s ruling is supported by the evidence in the record. In so concluding, we have evaluated whether the particular facts found by the Board are supported by competent evidence.
First, the Board found that Ms. Loyless left early on December 16, 2014. The record supports this finding. Ms. Loyless left work half an hour early on December 16th, visibly upset at what she characterized as a demotion. At the first telephone hearing, Ms. Loyless claimed that employees were allowed to leave early if they came in early or worked through lunch. Mr. Martin, who also testified at this hearing, said that she left early, but didn’t otherwise challenge her assertion that leaving early was sometimes allowed.
Next, the Board found that Ms. Loyless maintained contact with her employer between December 16th and December 22nd, during which time she expressed her intent to return to work, and further found no evidence in the record to indicate her intent to resign. However, to the contrary, there is evidence in the record showing that Ms. Loyless showed the intent to resign on December 16th — namely her admitted oral statement made as she was leaving that she was “out of here” and *284 would bring boxes to pack when she returned the next day. Further, the record clearly indicates that Stuart communicated with Ms. Loyless over December 17th, 18th, and 19th, telling her that her resignation had been accepted. Ms. Loyless acknowledged this at both hearings. She explained that when she said she was “out of here” on December 16lh to Mr. Martin, she meant that she needed to leave before she said something stupid or caused a scene. She testified that she knew |sMr. Martin had heard her remark, because the following day (December 17th, the first day she called in sick), “he started with oh, don’t worry about it, you resigned.” She testified at both hearings that she knew, by Mr. Martin’s response to her on December 17th , that Stuart considered that she had resigned.
Another piece of evidence apparently ignored by the Board of Review is a letter from Ms. Loyless, dated January 26, 2015, to the Louisiana Workforce Commission regarding the telephone hearing scheduled for February 3, 2015, which was read into the record at the first hearing before Judge Druilhet. Therein, Ms. Loyless explains:
That is to say, my employer stated that I quit, when in fact, at 4:30 p.m. on a business day, after learning that 2 other employees had been fired for budgetary reasons, I left work early.. I was distraught and emotional over the losses, and being told I had to give up my office and title of .Executive Assistant, and return to being the Receptionist, and siL ting in the lobby of the office building. The next 2 days (documentation is available) I called into the office stating that I was sick and not feeling well (also noted on my timesheets that were submitted but ignored by the employer) and then on Friday, December 19th, I called in, texted, and emailed (also documented) that as a reminder, I had to take my Stepson to the hospital for a medical procedure and stay with him because he was forbidden to drive. On all of these occasions, I was told that “my resignation had been accepted" and in spite of my pleadings that I had not quit, but rather needed to leave early, they claim I quit. (Emphasis added.)
Also in evidence at the first hearing is an email exchange between Ms. Loyless and Steve Nelson, another Vice-President at Stuart. After Ms. Loyless emailed in to remind Stuart that she had a previously scheduled day off on December 19th, Mr. Nelson responded, at 8:07 a.m. on that day, that “per previous discussions and correspondence your resignation has been accepted and a check is available for pickup whenever is convenient.”
Accordingly, the Board’s factual finding that Ms. Loyless maintained contact with her employer and “expressed her intent to return to work” was an insufficient basis upon which to reverse the administrative law judge’s determination that Ms, Loyless resigned from her job, given the competent |flevidence noted above that the Board apparently disregarded. Following Ms. Loyless’ statements indicating her resignation on December 16th, Stuart’s communications with her starting on December 17th were always consistent with Stuart’s position that she had resigned her employment on December 16th, despite her pleadings that she had not. Thus, the Board’s conclusion that Ms. Loyless was not the “moving force” behind her leaving Stuart is not supported by sufficient evidence, and is in fact refuted by the evidence.
Because of the above noted competent evidence that was apparently disregarded by the Board of Review that counters Ms. Loyless’ claims that she did not resign, we must consider whether Judge Butler’s finding that Ms. Loyless failed to establish good cause for leaving her employment was correct. Judge Butler’s findings are as follows:
*285 The claimant has the ultimate burden of proving his or her claim by a preponderance of evidence. When an individual becomes unemployed and the separation issue is “leaving,” then the claimant has the burden of proving good cause attributable to a substantial change in the employment by the employer. Upon a showing of “good cause,” the issue then becomes whether or not the reason for leaving was job connected.
The evidence in this case shows that the claimant was the moving party in the separation. The claimant testified that on December 16, 2014, she was informed that she was to assume receptionist duties, which made her very upset. On that date the claimant admits that she said “I am out of here” and left the jobsite prior to her quitting time without proper authorization.[5] After leaving the jobsite without authorization the claimant did not return December 17th or December 18th, at which time she was aware employer believed she had quit due to her actions on December 16th. The claimant’s job title was not changing nor was her hourly wage going to decrease. The new job duties the claimant was asked to assume were sufficiently similar to duties she already performed, so they did not constitute a significant change in the employment.
The claimant had the ultimate burden in this case. The facts show that the claimant did not make any attempt to protect her job or to ensure that it was clear she did not quit her position on December 16, 2014. In addition, the employer submission to the agency corroborates parts |inof the claimant’s testimony further supporting a finding that the claimant was the moving party in the separation. Consequently, it is held that the claimant did voluntarily quit his [sic] job. It is further held that the claimant has not shown that her leaving was for good cause due to a substantial change made to her job by the employer. As such, benefits should be denied.
As noted above, it is good cause connected with employment for an employee to quit his job when the work becomes unsuitable due to unanticipated working conditions. La. R.S. 28:1601. The evidence shows that Ms. Loyless was being asked to sit at the receptionist’s desk, rather than her private office, for an indefinite time period to answer phones and to continue performing her current duties. The evidence also shows that the receptionist’s duties were not significantly different from the ones Ms. Loyless had previously been performing. Mr. Martin testified at the first telephone hearing that he assured Ms. Loyless that her pay would not be reduced. She testified that she did not recall the matter of her pay or hours being discussed on December 16th, but later agreed that she was never told her pay or hours would be reduced. Accordingly, Judge Butler’s conclusion that Ms. Loyless failed to establish “good cause” for leaving her employment is supported by the record.
Accordingly, we find that the Board of Review erred in concluding that Judge Butler’s ruling was not based on a preponderance of the evidence, or that the judge failed to apply standards of relevance, admissibility, credibility, and weight of the evidence to the case record. While the *286 Board’s conclusion that Ms. Loyless had communicated with Stuart between December 16th and December 22nd expressing her intent to return to work appears to be true, the Board apparently failed to recognize Ms. Loyless’ own admissions at both hearings,[6] as noted above, as well as email evidence, that Stuart clearly communicated with her during the |nsame time period that it considered her words and actions on December 16th to be a resignation which they accepted. It is equally clear that Ms. Loyless did not give credence to Stuart’s communications to her while she was out sick on December 17th and 18th, and pleaded for her job given “their eight year history.” Despite admitting that Stuart told her it accepted her resignation on December 17th, Ms. Loyless called in sick on December 18th and did not work on December 19th, thus failing to protect her job, as Judge Butler found.[7] Ms. Loyless’ assignments are without merit.
CONCLUSION
For the foregoing reasons, the judgment of the district court that reversed the ruling of the Board of Review is affirmed.
AFFIRMED

. The Board's official title is “State of Louisiana, Board of Review, Office of Regulatory Services.”

. The order of remand issued by the Board on February 13, 2015 did not instruct the Appeals Tribunal to disregard the evidence and testimony already in the record, but to take additional testimony on those issues, which Ms. Loyless provided at the second telephone hearing. The order of remand, however, appears to be at odds with the "Notice of Telephone Hearing” mailed to the parties on February 20, 2015, which stated: "Note: the appelant [sic] must participate in this hearing as previous, [sic] testimony will not be considered.” At the second hearing, the administrative law judge read into the record all of the exhibits from the previous hearing. Ms. Loyless objected only to the introduction of a text message allegedly sent by her to one of her supervisors.

. Stuart argues in brief that it was not notified of Ms. Loyless’ appeal to the Board of Review, and that the Board rendered a decision within two days of receiving Ms. Loyless’ appeal, which did not give Stuart the opportunity to brief the matter or be heard before the Board. However, La. R.S. 23:1630 does not appear to confer the right to briefing and argument in an appeal before the Board.

. The Board of Review noted, in its opinion, that a telephone hearing had taken place on February 3, 2015, and that the employer did not participate in this hearing, which placed Ms. Loyless in the position of bearing testimony against herself. This finding of fact, however, is not correct. A telephone hearing did in fact take place on February 3, 2015, in front of Judge Druilhet, at which both Ms. Loyless and Stuart participated. It was at the second telephone hearing, which took place before another administrative law judge, Judge Butler, on March 4, 2015, in which Stuart did not participate.

. While Judge Butler states that Ms. Loyless’ early departure on December 16th was "without proper authorization,” a reading of her opinion as a whole shows that this was not a determining factor in her decision to deny benefits, nor was it determined to be misconduct. We have previously noted that Stuart did not challenge Ms. Loyless’ assertion that her leaving early that day was allowed because she had worked through her lunch hour.

. In its judgment dated March 20, 2015, the Board stated: "We are further disposed to make the gratuitous observation that proceedings to the prejudice of a claimant based upon unsupported charges conducted in a quasi-judicial hearing where the employer does not appear and the claimant is required, in effect, to bear testimony against himself, is subject to a serious question as to propriety and validity.” However, the record is clear that Ms. Loyless’ admissions as noted above occurred during the first hearing in which Stuart’s representative participated.

. We note that the issue of disqualifying misconduct pursuant La. R.S. 23:1601(2) was not found in the prior proceedings before the administrative law judges. In any event, the record is devoid of any evidence that Ms. Loyless committed "misconduct” as contemplated by La. R.S. 23:1601(2). Stuart did not present any evidence on this issue at any point in the proceedings, other than to state that Ms. Loyless left half an hour early on December 16, 2014. Stuart did not refute Ms. Loyless' assertion that she was allowed to leave early when she had previously worked through her lunch hour, as she claimed to have done that day. We find that the issue of misconduct was properly disregarded by both administrative law judges.